Neola N. HOWARD, Etc., et al.,
Plaintiffs-Appellants,

v.

Ray FORTENBERRY, Etc., et al.,
Defendants-Appellees.

No. 83–4207.

United States Court of Appeals,
Fifth Circuit.

March 29, 1984.

---

Raymond L. Cannon, Tallulah, La., for plaintiffs-appellants.

Charles E. Welsh, Asst. Atty. Gen., Shreveport, La., for Gov. Treen, Director of Corrections and HHR.

Voelker, Ragland, Brackin & Crigler, William B. Ragland, Jr., Lake Providence, La., for East Carroll Parish Police Jury & Members Thereof.

Mayer, Smith & Roberts, Paul B. Mayer, Shreveport, La., for Hartford Fire Ins. Co.

Cook, Yancey, King & Galloway, Hershel E. Richard, Jr., Shreveport, La., for Aetna Cas. & Surety Co.

---

**ON PETITIONS FOR REHEARING**

Before RUBIN and RANDALL, Circuit Judges, and MITCHELL *, District Judge.

**PER CURIAM:**

■ The plaintiffs seek rehearing on the basis that there was some evidence that individual police jurors (other than those on the Prison Board) must have seen the isolation cells on visits to the institution. Responsibility for administering the Prison Farm was delegated to the Prison Board and, by it, to the Superintendent. The statements about a few police jurors, made in depositions of others, are insufficient to attribute personal knowledge to the police jurors that the isolation cells were being used or might be used in a manner that might cause injury to or death of an inmate.

In their application for rehearing, the plaintiffs point to the fact that they mentioned the state-law-based strict liability claim in the district court, not in their complaint but in their opposition to the Police Jury's motion to dismiss. We, therefore, vacate that part of our opinion, 723 F.2d 1202, stating that the issue was not raised in the district court. The issue was not discussed in the district court's opinion, and the district judge's attention was not thereafter directed to it. Because the case is remanded, we remand also the question whether the complaint suffices as a basis for the claim; if not, whether a claim of this nature may be appropriately raised in the fashion indicated; and, if the claim was properly before the district court, for its action on the claim.

■ The Director of the Louisiana State Department of Corrections seeks a rehearing on our reversal of the summary judgment in his favor, raising issues both of interpretation of La.Rev.Stat.Ann. § 15:827(2), (West 1981) in the light of La. Rev.Stat.Ann. § 15:826 B (West 1981) and possible factual questions concerning the practice under those statutes. These issues have not been previously briefed by the

state. They are more appropriately presented to the district court, which may fully consider them for the first time. Nothing in our original opinion shall constitute the law of the case insofar as that opinion considered § 15:827(2).

For these reasons, both applications for rehearing are DENIED.