James Richard O'QUINN,
Plaintiff-Appellant,

v.

Albert MANUEL, T.A. Morvant, Robert Searcy, Calcasieu Parish, Calcasieu Parish Sheriff's Department etc., et al., Defendants-Appellees.

No. 84–4307.

United States Court of Appeals, Fifth Circuit.

Aug. 5, 1985.

See Amended Opinion of Oct. 7, 1985.*

Alvin B. Rubin, Circuit Judge, filed an opinion concurring in the result.

\* Published in 773 F.2d.

Stephen E. Everett, Alexandria, La., for plaintiff-appellant.

Terry J. Manuel, Lake Charles, La., for defendants-appellees.

Before GOLDBERG, RUBIN and HILL, Circuit Judges.

GOLDBERG, Circuit Judge:

Appellant O'Quinn, an inmate of the Calcasieu Parish Jail in Calcasieu Parish, Louisiana, brought this civil rights suit under 42 U.S.C. § 1983 (1982) against the Calcasieu Parish Police Jury,[1] the Sheriff, two deputies, and four other inmates of the Jail. Appellant alleged that he suffered severe injuries from a beating he had received from other inmates while incarcerated at the Jail—an event which would have been less likely, if at all possible, had the Jail been better equipped and administered. Specifically, appellant alleged that his "injuries resulted from the willful or negligent acts or omissions of the defendants with respect to the plaintiff's incarceration in failing to provide adequate supervision and protection for plaintiff ... [and] in failing to administer properly the incarceration of prisoners." This appeal involves only appellant's claim against the Police Jury.

The Police Jury filed a motion to dismiss for lack of subject matter jurisdiction, for failure to state a claim, and, as a third alternative, for summary judgment. On October 15, 1982, the district court orally granted defendant's motion on the ground that because plaintiff had available an adequate state court remedy, there was no subject matter jurisdiction. On November 2, however, the court issued a written order granting the motion to dismiss, but this time on the ground that plaintiff had failed to state a claim because "the Police Jury is in no way responsible for maintaining the proper custody of prisoners."

Appellant originally appealed on October 26 from the oral dismissal of the Police Jury on the jurisdictional ground. In an unpublished decision, this Court dismissed the appeal because the district court had

---

1. A "police jury" is a unit of local Louisiana government akin to a county board of supervisors. *See* La.Rev.Stat.Ann. § 33:1236 (West 1951 & Supp.1985). Despite its name, the police jury does not directly furnish any of the services conventionally associated with the "police." Most of these services are traceable in Louisiana to the sheriff. *See id.* § 33:1435 (West Supp. 1985).

not made the certificate required by Fed.R. Civ.P. 54(b). Since other defendants remained in the case, the appeal was premature. On remand, the district court dismissed the last of the parties in response to plaintiff's motion, and appellant then timely filed his notice of appeal.

The district court apparently relied on two separate grounds for dismissing appellant's claim against the Police Jury. The minute entry cites a lack of subject matter jurisdiction, while the written order relies on the failure to state a claim upon which relief can be granted. Neither ground applies here.

■■■ It is well-settled that the difference between dismissing a complaint because the court lacks subject matter jurisdiction under Rule 12(b)(1) versus where the plaintiff has failed to state a claim under Rule 12(b)(6) is a difference not of degree but of kind. *See, e.g., Bell v. Hood,* 327 U.S. 678, 682, 66 S.Ct. 773, 776, 90 L.Ed..939 (1946).

> The distinction between factual Rule 12(b)(1) motions and factual Rule 12(b)(6) motions is rooted in the unique nature of the jurisdictional question. It is elementary that a district court has broader power to decide its own right to hear the case than it has when the merits of the case are reached. Jurisdictional issues are for the court—not a jury—to decide, whether they hinge on legal or factual determinations.

*Williamson v. Tucker,* 645 F.2d 404, 413 (5th Cir.), *cert. denied,* 454 U.S. 897, 102 S.Ct. 396, 70 L.Ed.2d 212 (1981). The issue of whether a federal question is involved requires the court to determine whether the complaint purports to state a claim "arising under" federal law. *E.g., American Well Works Co. v. Layne & Bowler Co.,* 241 U.S. 257, 258–60, 36 S.Ct. 585, 586, 60 L.Ed. 987 (1916). Under the well-pleaded complaint rule, an action arises under federal law for purposes of 28 U.S.C. § 1331 (1982) "if in order for the plaintiff to secure the relief sought he will be obliged to establish both the correctness and the applicability to his case of a proposition of federal law." P. Bator, P. Mishkin, D. Shapiro & H. Wechsler, *The Federal Courts and the Federal System* 889 (2d ed. 1973), *quoted in Franchise Tax Board v. Construction Laborers Vacation Trust for Southern California,* 463 U.S. 1, 103 S.Ct. 2841, 2846, 77 L.Ed.2d 420 (1983). In the present case, the face of plaintiff's complaint clearly states a federal question sufficient to confer subject matter jurisdiction on the district court. The complaint invokes section 1983 as well as the first, fourth, and fourteenth amendments to the Constitution; in addition, although plaintiff has not expressly named it, the cruel and unusual punishments clause of the eighth amendment is implicit in his allegation of injury by the state.[2] Federal law thus provides both the substantive rights and the remedy for violation of those rights. "In [such] cases jurisdiction is taken as a matter of course." 13B C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3562, at 40 (2d ed. 1984) (footnote omitted).

■■■ To the extent the district court nonetheless dismissed the complaint for lack of subject matter jurisdiction, it did so in apparent reliance on *Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), which held that section 1983 does not support a negligence claim based solely on the denial of procedural due process under the fourteenth amendment where adequate state tort remedies are available. *Id.* at 536, 544, 101 S.Ct. at 1917; *see Hudson v. Palmer,* —— U.S. ——, 104 S.Ct. 3194, 3203–04, 82 L.Ed.2d 393 (1984) (extending *Parratt* to intentional deprivations of property). This argument gives us little pause. In the present case, appellant's case is clearly based at least on the alleged violation of his substantive eighth amendment right to be free from cruel and un-

---

2. Because of "[t]he federal policy of deciding cases on the basis of substantive rights rather than technicalities," *Hines v. Wainwright,* 539 F.2d 433, 434 (5th Cir.1976) (per curiam), plaintiff on·remand may amend his complaint to reflect his eighth amendment claim, *see id.; see also Williams v. Town of Okoboji,* 606 F.2d 812, 814 (8th Cir.1979) (per curiam).

usual punishment.[3] As we discussed at greater length in *Augustine v. Doe,* 740 F.2d 322, 325–27 (5th Cir.1984), the *Parratt* rule does not apply to alleged violations of substantive rights incorporated into the fourteenth amendment, and the existence of subject matter jurisdiction over appellant's civil rights claims is therefore not affected by the availability of state remedies. *See also Thibodeaux v. Bordelon,* 740 F.2d 329, 333 (5th Cir.1984).

 Turning to the district court's other ground for decision, our task is equally well-defined in reviewing a dismissal for failure to state a claim upon which relief can be granted. We must accept all well-pleaded averments as true and resolve all factual disputes in favor of the plaintiff. *Rankin v. City of Wichita Falls,* 762 F.2d 444, 445–46 (5th Cir.1985). We cannot look outside the pleadings, nor can we uphold the dismissal "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). In the section 1983 context, the plaintiff is required to state specific facts rather than conclusory allegations, *Elliot v. Perez,* 751 F.2d 1472, 1479 & n. 20 (5th Cir.1985); still, we remain faithful to the liberal notice-pleading requirements of the Federal Rules, and note that "often the litigants may plead generally and discover the precise factual basis for their claim through equally liberal pretrial discovery procedures." *Auster Oil & Gas, Inc. v. Stream,* 764 F.2d 381, 385–87 (5th Cir.1985); *Morrison v. City of Baton Rouge,* 761 F.2d 242, 244 (5th Cir.1985).

 Although municipalities cannot be held liable under section 1983 by virtue of the doctrine of respondeat superior, they are subject to such liability where official custom or policy is involved in the injury. *City of Oklahoma City v. Tuttle,* —— U.S. ——, 105 S.Ct. 2427, 2433–34, 85 L.Ed.2d 791 (1985); *Monell v. New York City Department of Social Services,* 436 U.S. 658, 691, 694, 98 S.Ct. 2018, 2036, 2037, 56 L.Ed.2d 611 (1978). *Monell* liability can occur in a variety of ways, one of which is by " 'systematic maladministration' of the laws." *Bennett v. City of Slidell,* 728 F.2d 762, 768 (5th Cir.1984) (en banc) (quoting *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 167 & n. 39, 90 S.Ct. 1598, 1613 & n. 39, 26 L.Ed.2d 142 (1970)). Moreover, this Court has repeatedly held that municipalities or supervisors may face liability under section 1983 where they breach duties imposed by state or local law. *See, e.g., Harvey v. Andrist,* 754 F.2d 569, 572 (5th Cir.), *cert. denied,* —— U.S. ——, 105 S.Ct. 2659, 86 L.Ed.2d 276 (1985); *Lozano v. Smith,* 718 F.2d 756, 768 (5th Cir.1983); *Barksdale v. King,* 699 F.2d 744, 746 (5th Cir.1983); *Douthit v. Jones,* 641 F.2d 345, 346 (5th Cir.1981); *Sims v. Adams,* 537 F.2d 829, 831 (5th Cir.1976). The critical point for this case is that such liability may result if municipal officials have actual or constructive knowledge of constitutional violations and fail to carry out their duty to correct them. *Bennett,* 728 F.2d at 768.

Under Louisiana law, the Police Jury had no responsibility over the daily operation of the Jail. However, state law does require the Police Jury to "provide ... a good and sufficient jail," La.Rev.Stat.Ann. § 33:4715 (West 1966), to be "responsible for the physical maintenance of all parish jails and prisons," *id.* § 15:702 (West 1981), and to pay all expenses incurred in "the arrest, confinement, maintenance and prosecution of persons accused or convicted of crimes," *id.* § 15:304. *See Amiss v. Dumas,* 411 So.2d 1137, 1140–42 (La.Ct.App.) (discuss-

**3.** The complaint states both that O'Quinn was being detained pending trial and that he was serving time on a previous sentence. While the eighth amendment of course protects only those who have been convicted of crimes and does not extend to pretrial detainees, *Bell v. Wolfish,* 441 U.S. 520, 535 n. 16, 99 S.Ct. 1861, 1872 n. 16, 60 L.Ed.2d 447 (1979); *Ingraham v. Wright,* 430 U.S. 651, 664, 97 S.Ct. 1401, 1408, 51 L.Ed.2d 711 (1977); *Thibodeaux v. Bordelon,* 740 F.2d 329, 333–34 (5th Cir.1984), we accept as true, for purposes of ruling on defendant's motion to dismiss, the allegation that appellant was a convicted prisoner at the time of the events underlying this appeal.

ing statutory allocation of prison responsibility), *writ denied*, 415 So.2d 940 (La. 1982). Clearly the Police Jury had a duty to fund and maintain the Jail.

■ Where a municipal body is vested with this sort of fiscal obligation to a jail, its liability for insufficient funding or maintenance will depend on its knowledge of conditions at the jail. Thus, in *Howard v. Fortenberry*, 723 F.2d 1206, *vacated in part on other grounds*, 728 F.2d 712 (5th Cir.1984), we held that a police jury could not be held liable under section 1983 for the deaths of two inmates who were placed in a "hot box" in very hot weather. *Id.* at 1208, 1210. In *Howard*, the plaintiffs had produced no evidence that the police jury knew how the box was being used either in general or in that particular instance, nor had the plaintiffs shown that the police jury had a policy permitting such use. *Id.* at 1210. The duty to maintain did not confer on the police jury a duty to inspect the jail. *Id.* at 1211. On the other hand, in *Littlefield v. Deland*, 641 F.2d 729 (10th Cir.1981), *cited with approval in Bennett*, 728 F.2d at 768, the court upheld a finding of county liability for grossly inadequate facilities for mentally ill detainees where the "nature and extent of jail facilities" were under the county's control. 641 F.2d at 732. Even though the facilities' inadequacy had been repeatedly brought to the county's attention, the county had "pursued a policy of indifference" that justified holding the county liable for damages under section 1983.

■ Here, appellant has stated facts sufficient to support a claim against the Police Jury. O'Quinn's complaint alleges that his injuries resulted from appellee's failure to provide adequate supervision and protection and to administer properly the incarceration of prisoners. These allegations could not be dismissed unless it appeared "beyond doubt that [plaintiff could] prove no set of facts in support of his claim which would entitle him to relief." *Conley*, 355 U.S. at 45–46, 78 S.Ct. at 101–02;

*Richardson v. Fleming*, 651 F.2d 366, 368 (5th Cir.1981). If the Police Jury had actual or constructive knowledge that the Jail's security was inadequate and yet failed to fund improvements or take other relevant actions within the scope of its statutory responsibility, it violated its duty to maintain the Jail. This breach would be sufficient to find the Police Jury liable under section 1983. *See Bennett v. City of Slidell*, 735 F.2d 861, 862 (5th Cir.1984) (en banc) (on petition for rehearing) (per curiam) (defining "official policy" for purposes of municipal liability under section 1983).

Appellee argues to the contrary that it does not operate the Jail or oversee its internal functioning, but this observation, taken as true, misses the point. If appellant's claims necessarily rested on defects in the daily operation of the Jail, dismissal would have been proper. *See, e.g., Wood v. Maryland Casualty Co.,* 322 F.Supp. 436, 438–39 (W.D.La.1971). In light of the complaint before us, though, appellant must have the opportunity to prove that his injuries resulted from inadequate facilities of which the Police Jury had actual or constructive knowledge and as to which it failed to take curative action. *Cf. Estelle v. Gamble*, 429 U.S. 97, 106–08, 97 S.Ct. 285, 292–93, 50 L.Ed.2d 251 (1976) (evaluating prisoner's allegations for purposes of section 1983 claim based on eighth amendment). Appellant may or may not be able to prove his allegations. But he has the right to try.

REVERSED AND REMANDED.

ALVIN B. RUBIN, Circuit Judge, concurring in the result:

The complaint, however liberally read, does not, in my opinion, state a claim for which relief can be granted. A Louisiana police jury is charged only with the responsibility of "provid[ing] ... a good and sufficient jail" [1] and with responsibility for "the physical maintenance of ... parish jails

1. La.Rev.Stat.Ann. § 33:4715 (West 1966).

and prisons."[2] The administration of the jails, however, is the province of the sheriff.[3] As stated by the Louisiana Court of Appeal, the police jury "is responsible for the expenses of establishing, maintaining and operating the jail and for all expenses of feeding, clothing, and providing medical treatment to the prisoners while the sheriff has the duty of operating the jail and seeing to it that the prisoners are properly cared for, fed and clothed."[4]

Given the limited scope of the police jury's duties, O'Quinn's complaint simply does not seem to me to state a cause of action against this local governmental body. Paragraph 7 of the complaint alleges, in pertinent part:

> Plaintiff's injuries resulted from the willful or negligent acts or omissions of the defendants *with respect to the plaintiff's incarceration in failing to provide adequate supervision and protection for plaintiff,* knowing of the particular dangers to which plaintiff was being exposed, in failing to administer properly the incarceration of prisoners. (Emphasis supplied.)

Although these allegations adequately state a claim against the sheriff's department and the individual sheriff's deputies, they do not seem to me to allege a claim against the police jury. O'Quinn does not intimate that the jail was in any respect physically inadequate, much less that the police jury knew of its inadequacies. Even if O'Quinn conclusively established each and every fact in support of his allegations, he still would not be entitled to relief because he would not have established that the police jury violated any duty it owed to the plaintiff. Under Louisiana law, the Calcasieu Parish Police Jury has no duty,

as the opinion suggests, "to provide adequate supervision and protection and to administer properly the incarceration of prisoners." Opinion at 178.

The opinion states, "[i]n light of the complaint before us, ... appellant must have the opportunity to prove that his injuries *resulted from inadequate facilities of which the Police Jury had actual or constructive knowledge and as to which it failed to take curative action.* Appellant may or may not be able to prove *his allegations.* But he has the right to try." *Id.* at 178 (citations omitted) (emphasis supplied). O'Quinn's complaint does not, however, seem to me to make any allegations against the police jury—either that the facilities were inadequate or that the police jury had actual or constructive knowledge of such inadequacies. Moreover, I do not see how the police jury could be responsible for a violation of the 8th amendment by inflicting cruel and unusual punishment. If adequate facts were pleaded and proved, however, the police jury might be responsible for negligence in failing to provide an adequate jail, as we held in *Howard v. Fortenberry.*[5]

Although I am sensitive both to the wide latitude allowed by "notice pleading" and to the special consideration accorded civil rights complaints, if it is clear that no claim has been stated, we have an equal duty to dismiss the complaint.[6]

In such cases, we may, however, remand to permit the plaintiff to amend his complaint to state a claim if he can do so.[7] Therefore, I would remand to give the plaintiff this opportunity.

The opinion in effect construes the complaint as if it had been amended. The

---

2. La.Rev.Stat.Ann. § 15:702 (West 1981).

3. *See* La.Rev.Stat.Ann. § 15:704 (West 1981).

4. *Amiss v. Dumas,* 411 So.2d 1137, 1141 (La. App.1982).

5. 723 F.2d 1206 (5th Cir.1985).

6. *See* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1234 (1969); C. Antieau, Federal Civil Rights Acts § 230 (2d ed. 1980).

7. *See United States v. Hayes International Corp.,* 456 F.2d 112, 121 (5th Cir.1972); *Lone Star Motor Import, Inc. v. Citroen Cars Corp.,* 288 F.2d 69, 77 (5th Cir.1961). *See generally* 6 C. Wright & A. Miller, Federal Practice and Procedure § 1489 (1971); 3 Moore's Federal Practice ¶ 15.11 (2d ed. 1985).

remedy for the police jury is to test the complaint by motion for summary judgment. If there is truly evidence sufficient to create a genuine issue of material fact concerning police jury liability, the case should go to trial. If not, it may be decided by summary judgment.