Kevin Lee STEVENS, Plaintiff-Appellee,

v.

Gerald CORBELL, et al., Defendants-Appellants.

No. 86–2609.

United States Court of Appeals, Fifth Circuit.

Aug. 8, 1986.

Jim Mattox, Atty. Gen., Gabriel G. Quintanilla, Asst. Atty. Gen., Austin, Tex., for defendants-appellants.

Curtis B. Stuckey, Mr. Garrigan, Nacogdoches, Tex., for plaintiff-appellee.

Before THOMAS GIBBS GEE, THOMAS M. REAVLEY, and EDITH H. JONES, Circuit Judges.

BY THE COURT:

IT IS ORDERED that the motion of appellants for stay pending appeal is GRANTED.

In this § 1983 action against state police officers, a jury has found that the major alleged actor among them—the others are charged merely with failing to intervene— did not employ unreasonable force in subduing the plaintiff following his arrest. It is settled law that policemen are entitled to employ reasonable force in the performance of their duties; it is only the use by them of unreasonable force in the circumstances presented that violates federal rights. The Supreme Court holds that governmental officers performing discretionary actions in line of duty are immune from civil liability for their actions unless they violate clearly established law. *E.g., Mitchell v. Forsyth,* 472 U.S. ——, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985). It follows that, if the jury findings stated are valid, these defendants are immune.

*Mitchell* also determines that "a district court's denial of a claim of qualified immunity, to the extent that it turns on an issue of law, is an appealable 'final decision' within the meaning of 28 U.S.C. § 1291 notwithstanding the absence of a final judgment." 472 U.S. at ——, 105 S.Ct. at 2817, 86 L.Ed.2d, at 427. Here the district court denied defendants' immunity on an issue of law: the scope of qualified immunity. As *Mitchell* recognizes, defendants' "entitlement is an *immunity from suit* ... effectively lost if a case is erroneously permitted to go to trial." 472 U.S. at ——, 105 S.Ct. at 2816, 86 L.Ed.2d at 425.

This case has already once been tried, resulting in the stated jury finding, now set aside by the court on the ground that it gave the jury an incorrect legal instruction on intent. The defendants are entitled to appeal as of right from that action of the court, without being required to stand trial again before their appeal is determined. The trial court's order granting new trial is therefore stayed until further order of this Court.

Judge REAVLEY would deny the stay on the grounds that the determination of qualified immunity rests on factual questions and, therefore, the appeal may not be maintained.