**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**July 25, 2005**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-50100
_____


ALLEN JAMES NEW; TRUMAINE NEW,

Plaintiffs-Appellees,

versus

CITY OF SAN ANTONIO; ET AL,

Defendants,

PHILIP WANG, Individually,

Defendant-Appellant.

_____

Appeal from the United States District Court
For the Western District of Texas
SA-00-CV-1481-RF

_____

Before JONES, WIENER, and CLEMENT, Circuit Judges.

EDITH H. JONES, Circuit Judge:[*]

Allen New and his son Trumaine (hereinafter the "News")
sued San Antonio Police Officer Philip Wang, among other
defendants, under 42 U.S.C. § 1983 and state law for his alleged
use of excessive force during an arrest. A jury found in favor of
Officer Wang on all counts and issues including his defense of
qualified immunity. Following the entry of judgment for Officer

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

Wang, the News moved for and were granted a new trial on the grounds that the admission of evidence related to Allen New's cocaine possession was erroneous and tainted the jury's verdict. Officer Wang contends on appeal that his having to stand trial again amounts to the improper denial of his immunity.

We must dismiss this appeal. The district court's grant of a new trial is an interlocutory order, not a final judgment as prescribed by 28 U.S.C. § 1291, and Wang's immunity does not in this instance afford an exception to the final judgment rule.

## I. BACKGROUND

The material facts underlying this § 1983 suit were hotly disputed. On March 7, 1999, Allen New and his son Trumaine went fishing with David Castano at Pecan Valley Park in San Antonio. Because Trumaine was thirsty, Castano drove Allen (sitting in the front passenger side of the Honda Civic) and Trumaine (sitting in the back seat) to a nearby convenience store. As they left the convenience store, Castano became disturbed that Officer Wang was traveling immediately behind them. Castano asserted that he turned into a random driveway, 570 Morning View Drive, which Officer Wang identified as a known crack house. When Officer Wang thought he saw Castano making a quick drug transaction, Wang stopped and questioned the suspects. Castano's name, run through the computer, turned up on two outstanding warrants.

2

As Officer Wang was attempting to handcuff Castano, he noticed Allen New digging in his back pants pocket. Officer Wang ordered Allen New to place his hands on the dashboard. Initially, Allen New complied with the request, but, as soon as Officer Wang's attention was refocused on handcuffing Castano, Allen began digging in his back pocket again. Officer Wang commanded Allen a second and third time to place his hands on the dashboard, but Allen disregarded him. Convinced that Allen's actions placed him at risk of death or serious bodily injury, Wang jumped into the front seat of the vehicle and forcefully attempted to restrain Allen. Trumaine then joined in the struggle between Officer Wang and his father. Responding to Wang's emergency call, a fellow police officer arrived to assist in subduing the News. Allen New is approximately five feet, ten inches tall, and was visibly impaired and had heart problems. His son Trumaine was then thirteen years old and five feet, two inches tall at the time of the arrest.

Allen and Trumaine characterize the events as an unprovoked beating that left Allen with a swollen eye and broken nose and Trumaine with compacted teeth. Officer Wang, for his part, searched the vehicle after the melee and found a rock of crack cocaine in the seat where Allen New had been digging in his back pocket.[1]

---

[1] Charges against Allen New for possession of a controlled substance, assaulting a police officer, and resisting arrest were all dismissed without prosecution.

The News sued Officer Wang individually and in his official capacity under 42 U.S.C. § 1983 and pendent state law for violating their right to be free from the use of excessive force. After discovery, Officer Wang moved unsuccessfully for summary judgment on qualified immunity; genuinely disputed issues of material fact rendered summary disposition inappropriate.

At trial, the district court admitted evidence of Allen New's alleged possession of the crack cocaine, its admission preceded by a lengthy limiting instruction as to the weight the jury could afford the evidence. The court understood that the nugget of crack cocaine powerfully supported Officer Wang's contention that Allen New was reaching for something in his back pocket — albeit not a weapon of any sort — even as the same evidence separately prejudiced Allen, not only by casting doubt on his veracity but by injecting an extraneous derogatory issue. The jury returned a unanimous verdict that Officer Wang had not violated the News' constitutional rights to be free from unreasonable search and seizure and from excessive force, and the jury found facts that entitled Wang to qualified immunity on all counts.

Nevertheless, following the entry of judgment on the verdict, the district court granted the News' motion for new trial based on proceedings so "corrupted by the manner in which the Court handled the admission of the cocaine possession as to taint the jury's verdict." The district court further commented:

4

The manner of the admission, and not necessarily the admission itself, is grounds for a new trial because the evidence was not properly addressed before trial and the limiting instruction offered to the jury was given in haste with little clarity and precision. As admitted and instructed, the evidence's prejudice far outweighed its probative value. The evidence of drug possession is potentially relevant to the issues properly before the jury, including probable cause and the Officer's subjective perception of the events.

Officer Wang has appealed. He argues that the district court should not have disturbed the jury's verdict because the limiting instruction was not erroneous.

## II. JURISDICTION

Before reaching the merits, this court must consider whether we have appellate jurisdiction. Kelly v. Moore, 376 F.3d 481, 483 (5th Cir. 2004). An order granting a new trial is generally not appealable because such an order is interlocutory and not a final judgment under 28 U.S.C. § 1291. Id.

As an exception to the prohibition on interlocutory appeals, this court has jurisdiction to review denials of qualified immunity asserted by government officers where the trial court's determination turns on a matter of law. See Mitchell v. Forsyth, 472 U.S. 511, 526, 105 S.Ct. 2806, 2815-16 (1985); Feagley v. Waddill, 868 F.2d 1437, 1439 (5th Cir.1989). Officer Wang contends that the district court's grant of a new trial negates the qualified immunity to which the jury found him entitled. This effective denial of qualified immunity should, he asserts, provide a jurisdictional foundation for his challenge to the new trial

5

order.  Officer Wang relies on a motions panel decision, Stevens v. Corbell, 798 F.2d 120 (5th Cir. 1986) ("Corbell I"), as support for the proposition that appellate jurisdiction over this interlocutory appeal exists here.

Although Corbell I tends to support Officer Wang's invocation of jurisdiction in this case, it does not control.  In Corbell I, the jury found that unreasonable force had not been used by the defendant state policemen in subduing the plaintiff. The district court ordered a new trial on the ground that it had erred in instructing the jury on the issue of intent.  This court's motions panel held that the district court's grant of a new trial implicated the issue of the officers' entitlement to qualified immunity.  Id.[2]

The subsequent oral argument panel declined to reconsider the jurisdictional determination made earlier by the motions panel. See Stevens v. Corbell, 832 F.2d 884, 887 (5th Cir.1987) ("Corbell II").  Nevertheless, Corbell II ultimately affirmed the district court's order granting Stevens a new trial because, as a matter of law, the district court had erroneously instructed the jury on the issue of the officer's intent.  Id. at 891.

---

[2]      Corbell I was a provisional jurisdictional determination made by a motions panel which is not binding on the oral argument panel to which the case is submitted or on a later panel of this court.  Northshore Development, Inc. v. Lee, 835 F.2d 580, 583 (5th Cir. 1988); Fischer v. United States, 759 F.2d 461, 463 (5th Cir. 1985); E.E.O.C. v. Neches Butane Prods. Co., 704 F.2d 144 (5th Cir. 1983).

Appealability in Corbell I turns on the court's holding that, as in Mitchell, the intertwining of jury instructions and qualified immunity with the grant of a new trial could be reviewed as a matter of law. Corbell II emphasized that the court was reviewing only the legal sufficiency of the instructions. In this case, by contrast, the new trial grant depended on the court's evidentiary ruling, a matter that can at most be reviewed for abuse of discretion by this court. A discretionary call is not a pure matter of law. Consequently, Wang's appeal does not fit within the Mitchell paradigm permitting us to review interlocutory legal issues where qualified immunity is at stake. On this narrow basis, the appeal must be **DISMISSED**.

7