# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-30380
c/w No. 17-30509
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
February 7, 2019

Lyle W. Cayce
Clerk

MOHAMMED AHMED HASSAN ABDALLAH OMRAN,

Plaintiff-Appellant

v.

STEVE PRATOR; ROBERT WYCHE; SERGEANT DINKINS,

Defendants-Appellees

Appeals from the United States District Court
for the Western District of Louisiana
USDC No. 5:14-CV-2825

Before JOLLY, COSTA, and HO, Circuit Judges.

PER CURIAM:[*]

Mohammed Ahmed Hassan Abdallah Omran, alien # A079-680-001, former federal prisoner # 12752-049, and former Louisiana prisoner # 121227, filed a pro se civil rights complaint under 42 U.S.C. § 1983 against Steve Prator, the Caddo Parish Sheriff; Robert Wyche, the Commander of the Caddo Correctional Center (CCC); and Sergeant A.L. Dinkins, Jr., a CCC employee.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-30380
c/w No. 17-30509

Omran claimed that the telephone policy at the CCC violated his First Amendment rights because inmates within the facility could only make collect calls. The district court granted summary judgment in favor of Prator, Wyche, and Dinkins. Omran filed a timely notice of appeal.

This court reviews the district court's grant of summary judgment de novo, under the same standards used by the district court. *Cuadra v. Hous. Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir. 2010).

The undisputed summary judgment evidence in this case shows that inmates at the CCC could place traditional collect calls where the recipient paid the charge, or they could set up an account with a third-party contractor, City Tele Coin, Inc., and transfer money from their general inmate accounts to a prepaid account for phone calls. Because Omran points to no genuine issue of material fact that would defeat summary judgment or entitle him to relief on his First Amendment claim, the district court did not err in granting summary judgment. *See* FED. R. CIV. P. 56(a).

Omran also appeals the district court's denial of his motions to add parties to his lawsuit, to compel discovery, and for an evidentiary hearing. He sought to join the Caddo Parish Board of Commissioners to his lawsuit "for their role in setting, authoring, promulgating, and creating policies that are in violation of [his] [F]irst [A]mendment constitutional right." As the district court observed, the administration of jails is the province of the sheriff, not the parish, and there is no basis for the liability of the Caddo Parish Board of Commissioners. *See O'Quinn v. Manuel*, 773 F.2d 605, 609 (5th Cir. 1985). Accordingly, the district court did not abuse its discretion in denying Omran's motion to add parties to his lawsuit. *See Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014); *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 520 (5th Cir. 2010).

No. 17-30380
c/w No. 17-30509

The district court denied Omran's motion to compel discovery based on Sergeant Dinkins's representation that he had provided the requested discovery. Though Omran insists that Sergeant Dinkins did not answer a particular interrogatory, the record clearly refutes that claim, and Omran does not explain how the district court abused its discretion in denying this or any other motion to compel. *See Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 817 (5th Cir. 2004).

In his appellate brief, Omran makes only a single passing reference to the denial of his request for an evidentiary hearing. This court liberally construes briefs filed by pro se litigants. *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993). Nonetheless, even pro se parties must reasonably comply with Federal Rule of Appellate Procedure 28(a)(8), which requires that the appellant's brief contain, among other things, an argument setting out the appellant's contentions and the reasons for them. *Id.* at 224-25. Because Omran has not addressed the district court's reasons for denying an evidentiary hearing, he has abandoned the issue on appeal. *See Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

The district court's judgment is AFFIRMED.