Troy Lee DOUTHIT, Plaintiff-Appellant,

v.

Clarence JONES, Sheriff, Dallas County, Texas, and W. H. McCallum, Defendants-Appellees.

No. 78-1036.

United States Court of Appeals, Fifth Circuit.

April 3, 1981.

Linda Addison, Houston, Tex., for plaintiff-appellant.

Sue L. Lagarde and Charles J. Baldree, Asst. Dist. Atty., Dallas, Tex., for defendants-appellees.

Clyde F. DeWitt, III, Gen. Counsel, Houston, Tex., for Jack Heard, amicus curiae.

ON PETITIONS FOR REHEARING AND
PETITION FOR REHEARING
EN BANC

(Opinion June 20, 1980, 619 F.2d 527
(5th Cir. 1980))

Before CHARLES CLARK, RONEY and
HENDERSON, Circuit Judges.

PER CURIAM:

■ In this petition for rehearing, the defendant sheriff and deputy sheriff contend for the first time that to impose liability upon Sheriff Jones for the allegedly unlawful incarceration of Douthit in November 1973 would contravene our decision in *Baskin v. Parker*, 602 F.2d 1205 (5th Cir. 1979) (on rehearing), by holding Sheriff Jones vicariously liable for the acts of his subordinates. The parties did not previously raise, and our prior opinion did not address, the applicability of *Baskin* to this action. In *Baskin* this court held that a supervisory official could not be found liable for the unlawful actions of his subordinates under 42 U.S.C. § 1983 on the basis of vicarious liability. *Id.* at 1207–08. The plaintiff must establish either that the defendant supervisory official was personally involved in the acts causing the deprivation of his constitutional rights or that a causal connection exists between an act of the official and the alleged constitutional violation. *Watson v. Interstate Fire & Casualty Co.*, 611 F.2d 120 (5th Cir. 1980); *Henzel v. Gerstein*, 608 F.2d 654 (5th Cir. 1979). In *Sims v. Adams*, 537 F.2d 829 (5th Cir. 1976), this court held that the plaintiff established such a causal connection by showing that the defendant supervisory officials breached a duty imposed upon them by state or local law, and that this breach caused the plaintiff's constitutional injury. *Id.* at 831–32.

In *Whirl v. Kern*, 407 F.2d 781 (5th Cir. 1968), *cert. denied*, 396 U.S. 901, 90 S.Ct. 210, 24 L.Ed.2d 177 (1969), we ruled that Tex.Civ.Code Ann. art. 5116 imposed an absolute duty upon a sheriff to determine the authority upon which he imprisons an individual and to release him if no such authority exists, which duty the sheriff could not

avoid by delegating authority over the jail to deputies or other subordinates. The court stated:

> The sheriff's responsibilities over the jail do not arise out of the acts of his agents, but have a direct statutory derivation. The statute gives the sheriff the duty to ascertain the authority upon which a prisoner is confined. The failure to make such a determination is his act and his act alone.

*Id.* at 796 (footnote omitted). In *Bryan v. Jones*, 530 F.2d 1210 (5th Cir.) (en banc), *cert. denied*, 429 U.S. 865, 97 S.Ct. 174, 50 L.Ed.2d 145 (1976), this court sitting en banc rejected the holding of *Whirl* that a sheriff could not assert a good faith, qualified immunity defense to a false imprisonment action brought under 42 U.S.C. § 1983. The majority opinion, however, noted that a jailer defending against a false imprisonment action would

> be held to a high standard of reasonableness as to his own actions. If he negligently establishes a record keeping system in which errors of this kind are likely, he will be held liable. But if the errors take place outside of his realm of responsibility, he cannot be found liable because he has acted reasonably and in good faith.

*Id.* at 1215. Judge Brown, in a concurring opinion, specifically construed the majority opinion not to exonerate a sheriff from a false imprisonment claim simply because the imprisonment resulted from the actions or nonactions of his subordinates, stating that the determination of the sheriff's liability was not a question of respondeat superior. *Id.* at 1216 n.2 (Brown, J., concurring).

■ Construing *Whirl* and *Bryan* together, we conclude that art. 5116 imposes a duty upon county sheriffs in Texas to incarcerate only those persons whom he has lawful authority to imprison. A sheriff may satisfy this duty by adopting reasonable internal procedures to ensure that only those persons are incarcerated for whom the sheriff, or the deputy to whom he delegates such responsibilities, has a good faith

belief based upon objective circumstances that he possesses valid legal authority to imprison.

■ The parties did not fully address before the district court the question of what procedures had been adopted by Sheriff Jones to prevent persons from being falsely imprisoned in the Dallas County jail. Therefore we leave for resolution by the district court on remand the issue of the Sheriff's liability under § 1983 for Douthit's alleged false imprisonment. Since Deputy McCallum was one of the deputies to whom Sheriff Jones had delegated responsibility for the admission and release of prisoners, *Baskin* does not affect the discussion in our prior opinion of his potential liability.

■ Our ruling in *Baskin* also does not alter Sheriff Jones' liability under Texas common law for the alleged false imprisonment of Douthit since that ruling applied only to § 1983 actions. Tex.Civ.Code Ann. art. 6870 imposes liability upon a sheriff for the "official acts" of his deputies. Sheriff Jones' liability under art. 6870 will depend in part on whether the acts of his deputies in imprisoning Douthit constituted "official acts" that were within their authority. *See Workman v. Freeman*, 155 Tex. 474, 289 S.W.2d 910 (1956); *Aetna Casualty & Surety Co. v. Clark*, 136 Tex. 238, 150 S.W.2d 78 (Comm. of App.1941). Such questions can best be resolved as an initial matter by the district court when this action is retried. Therefore, we leave for determination by the district court the question of the applicability of this statute to Douthit's action and the question whether any other basis exists under Texas law for holding Sheriff Jones liable for Douthit's alleged false imprisonment.

The petition for rehearing is DENIED, and no member of this panel nor judge in regular active service on the court having requested that the court be polled on rehearing en banc (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit rule 16), the petition for rehearing en banc is DENIED.

Douthit's petition for rehearing is also DENIED.