Bailey v. Garcia 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-90-273-CV





DOYNE BAILEY IN HIS OFFICIAL CAPACITY


AS SHERIFF OF TRAVIS COUNTY, TEXAS,


 APPELLANT


vs.





NIEVES R. GARCIA,



 APPELLEE



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT,



NO. 478,095, HONORABLE WILL WILSON, JR., JUDGE



 




PER CURIAM

 This appeal presents two issues: (1) whether sufficient evidence exists to support
the jury finding; and (2) whether a sheriff's reasonable internal policies to prevent false
imprisonments will insulate him from suit. Nieves R. Garcia successfully sued Doyne Bailey in
his official capacity as sheriff of Travis County for false imprisonment. Sheriff Bailey appeals
by three points of error, contending that the trial court erred: (1) in rendering judgment because
the Sheriff did not falsely imprison Garcia as a matter of law and the jury finding was factually
insufficient and/or against the great weight and preponderance of the evidence; (2) in rendering
judgment because the jury failed to find that the Sheriff had reasonable internal policies in place
to prevent false imprisonments; and (3) in denying the Sheriff's motion for judgment notwithstanding the verdict because the Sheriff did not falsely imprison Garcia as a
matter of law and the jury finding was factually insufficient and/or against the great weight and
preponderance of the evidence. We will affirm.

 Garcia and his employer, Danny Corsaw, were cleaning the tennis courts at the
University of Texas at Austin (UT) at 1:45 a.m. on October 18, 1989, when they were
approached by a UT policeman, Kevin Donelson. Officer Donelson asked Garcia why he was
parked in the tennis-court parking lot, requested identification, and checked with the Travis
County Sheriff's Department for outstanding warrants. Officer Donelson informed Garcia that
it was possible an outstanding warrant from Hays County existed for Garcia's arrest on the charge
of driving while intoxicated. Garcia allegedly disputed the charge, and Officer Donelson and
another officer who had recently arrived left the scene without arresting Garcia because Donelson
was unable to confirm the warrant.

 After the police officers left, Garcia and Corsaw drove to a nearby convenience
store to buy gasoline. The Sheriff's Department contacted Officer Donelson and asked him if he
knew Garcia's social security number. Officer Donelson, recalling that Garcia and Corsaw left
UT traveling towards a convenience store, located Garcia, obtained his social security number,
and relayed the number to the Sheriff's Department. The Sheriff's Department clerk stated that
after checking the social security number, "they are going to confirm the warrant" for Garcia's
arrest, presumably referring to the originating agency, the Hays County Sheriff's Department. 
Garcia was arrested based on this confirmation, handcuffed, and taken to the Travis County
central booking facility, which is staffed by Travis County Sheriff's Department personnel. 
Garcia was booked by Travis County Sheriff's Department personnel, taken before a magistrate,
and confined in the Travis County jail. 

 Sheriff Bailey's office transported Garcia the next day to Hays County, where the
Hays County Sheriff's Department personnel compared him to a photograph of the person sought
by Hays County. Realizing that they had the wrong Nieves Garcia in custody, Hays County
personnel promptly released Garcia. Garcia brought suit against Doyne Bailey in his official
capacity as sheriff of Travis County for false imprisonment and negligence, later abandoning the
negligence cause of action. The trial court rendered judgment based on the jury verdict that
Garcia recover $10,000.00 for his injuries.

 In points of error one and three, the Sheriff contends that the trial court erred in
rendering judgment and in denying his motion for judgment notwithstanding the verdict because
the jury finding was factually insufficient and/or against the great weight and preponderance of
the evidence with respect to question number one and the Sheriff did not falsely imprison Garcia
as a matter of law. (1) Although we otherwise consider these points as raised, we note that when
a defendant receives an adverse jury finding on an issue on which the defendant did not have the
burden of proof, complaints of legal and factual insufficiency should be framed as no evidence
and insufficient evidence points of error. See Michol O'Connor, Appealing Jury Findings, 12
Hous. L. Rev. 65, 67 (1974). In addition, the attack on the trial court's denial of the motion for
judgment notwithstanding the verdict must of necessity constitute a no evidence point of error
rather than an insufficient evidence point of error. E.g., Shelton v. Ector, 364 S.W.2d 425, 428
(Tex. Civ. App. 1963, no writ). Our consideration of point of error three will, therefore, only
extend to the Sheriff's no evidence point.

 When both legal and factual sufficiency points of error are raised, the court of
appeals must first examine the legal sufficiency of the evidence. Glover v. Texas Gen. Indem.
Co., 619 S.W.2d 400, 401 (Tex. 1981). The Sheriff contends that no evidence exists to establish
the absence of lawful authority to detain Garcia because the record shows that Hays County: (1)
issued a warrant for Garcia; (2) confirmed that Garcia was the man it sought; and (3) placed a
hold on Garcia.

 In deciding a no evidence point, we must consider only the evidence and inferences
tending to support the finding of the trier of fact and disregard all evidence and inferences to the
contrary. Alm v. Aluminum Co. of Am., 717 S.W.2d 588, 593 (Tex. 1986); Garza v. Alviar, 395
S.W.2d 821, 823 (Tex. 1965); see also William Powers, Jr. & Jack Ratliff, Another Look at "No
Evidence" and "Insufficient Evidence," 69 Tex. L. Rev. 515, 522 (1991); O'Connor, supra, at
76-77.

 A review of the record reveals some evidence to establish the absence of lawful
authority to detain Garcia. The Hays County arrest warrant was issued for "NIEVES GARCIA
JR.," while appellee's name is Nieves R. Garcia, as stated on his Department of Public Safety
identification card in his possession at the time of the arrest. Appellee's social security number
is 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, while the social security number of the man wanted by Hays County was 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. The Travis County Sheriff's Department was informed of an outstanding warrant for
Nieves Garcia, Jr. The Sheriff's Department did not inquire whether a warrant for Nieves R.
Garcia was outstanding; the Sheriff's Department instead inquired of its Hays County counterpart
whether Nieves Garcia, Jr., was the man identified by the Hays County arrest warrant. Hays
County, of course, answered in the affirmative and placed a hold on Nieves Garcia, Jr. On that
basis, appellee was detained. The record refutes the Sheriff's claim that his department acted on
the information that Nieves R. Garcia was the man Hays County sought and on whom Hays
County placed a hold. The Sheriff's no evidence argument must, therefore, fail.

 When reviewing a jury verdict to determine the factual sufficiency of the evidence,
we must consider and weigh all the evidence, and should set aside the judgment only if it is so
contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. Cain v.
Bain, 709 S.W.2d 175, 176 (1986); In re King's Estate, 244 S.W.2d 660, 661 (Tex. 1951); see
also Pool v. Ford. Motor Co., 715 S.W.2d 629 (Tex. 1986). On the record before this Court,
we conclude that the judgment is not so contrary to the overwhelming weight of the evidence as
to be clearly wrong and unjust.

 The Sheriff asserts that it defies logic and common sense for the jury to find there
was an absence of lawful authority to arrest Garcia. He argues that this finding makes the
Sheriff's department an insurer of information from other counties concerning court orders and
arrest warrants. Assuming the Sheriff's arguments to be true, these assertions do not reflect the
evidence in the record. The Hays County information was correct; the Travis County Sheriff's
Department, however, detained another individual with a similar but different name. Although
the similarity between the information may understandably cause confusion, we cannot reverse
the judgment on this record. (2) Points of error one and three are overruled.

 In his second point of error, the Sheriff contends that the trial court erred in
rendering judgment because the jury failed to find that he had reasonable internal policies to
prevent false imprisonments. The Sheriff argues that even if Garcia has a valid cause of action
for imprisonment, Garcia cannot prevail because of the Sheriff's department's reasonable internal
policies designed to prevent false imprisonments. Although the point of error is unartfully
worded, we will consider it to be a legal sufficiency challenge (complaining that the issue was
proven as a matter of law) because the Sheriff received an adverse jury finding on an issue on
which he had the burden of proof. See O'Connor, supra, at 67.

 The Sheriff relies on an opinion of the United States Court of Appeals for the Fifth
Circuit, Douthit v. Jones, to support his position:



[W]e conclude that [Tex. Rev. Civ. Stat.] art. 5116 imposes a duty upon county
sheriffs in Texas to incarcerate only those persons whom he has lawful authority
to imprison. A sheriff may satisfy this duty by adopting reasonable internal
procedures to ensure that only those persons are incarcerated for whom the sheriff,
or the deputy to whom he delegates such responsibilities, has a good faith belief
based upon objective circumstances that he possesses valid legal authority to
imprison.



641 F.2d 345, 346-47 (5th Cir. 1981) (construing 1973 Tex. Gen. Laws, ch. 224, § 1, art.
5116(a), (b), at 520 (Tex. Rev. Civ. Stat. art. 5116(a), (b), since repealed and codified at Tex.
Loc. Gov't Code Ann. § 351.041 (1988))). (3) Douthit, however, is an opinion based strictly on
section-1983 liability, not Texas common-law liability for false imprisonment including liability
under former Revised Civil Statute article 6870. 42 U.S.C. § 1983 (1988); 1925 Tex. Rev. Civ.
Stat., § 1, art. 6870, at 1967 (since repealed and codified at Tex. Loc. Gov't Code Ann.
§ 85.003(d) (1988)) ("Sheriffs shall be responsible for the official acts of their deputies."). 
Douthit specifically left open the question of a sheriff's liability under Texas law. Douthit, 641
F.2d at 347.

 The Sheriff did not deny that his deputies and staff of the central booking facility
were acting in their official capacities, thus distinguishing this case from one in which a deputy
acted ultra vires. See, e.g., Graves v. Buzbee, 45 S.W.2d 392, 395 (Tex. Civ. App. 1932, no
writ). This case involves official, albeit mistaken, action and the Sheriff, therefore, is liable under
Texas law for the acts of his deputies and staff even though he did not act improperly himself. 
See Clark v. Winn, 46 S.W. 915 (Tex. Civ. App. 1898, writ ref'd). See generally Aetna Casualty
& Sur. Co. v. Clark, 150 S.W.2d 78 (Tex. 1941) (discussion of what constitutes an "official"
act). Point of error two is overruled.

 The judgment of the trial court is affirmed.


[Before Justices Powers, Aboussie and Kidd]

Affirmed

Filed: September 25, 1991

[Do Not Publish]

1. The verdict reads in pertinent part:


 QUESTION NO. 1


 Do you find from a preponderance of the evidence that
on the occasion in question Sheriff Doyne Bailey in his official
capacity as Sheriff of Travis County, Texas falsely imprisoned
the Plaintiff?


 ANSWER "Yes" or "No".


 ANSWER: YES 


 You are instructed that "false imprisonment" means the
willful detention of another, without the consent of the person
detained, and without authority of law.
2.   The Sheriff's Department, however, cannot claim it had no idea it had the wrong
man in custody. The following telex from Travis County to Hays County demonstrates
the Sheriff's Department knew of a possible confusion:


 SO HAYS COUNTY--ATTN: WARRANT
SECTION/CRIMINAL WARRANTS


 RE: GARCIA. NIEVES JR.

 H/M DOB/041952

 TDL #14140217


 PLEASE RE-ACTIVATE YOUR WARRANT. THE
SUBJECT U.T. P.D. HAS AND THE ONE WANTED BY
YOUR AGENCY ARE NOT THE SAME.


 CRIM WARR SECT SO TRAVIS AUSTIN WILSON


There is no explanation in the record for the following telex sent shortly thereafter:


 SO HAYS COUNTY--ATTN: WARRANT
SECTION/CRIMINAL WARRANTS


 RE: GARCIA. NIEVES JR.

 H/M DOB/041952

 TDL #14140217


 UPDATE STATUS--HOLD WILL BE PLACED. AS
SUBJECT PROVED TO BE THE SAME AS THE ONE
WANTED BY YOUR AGENCY AFTER ALL. PLEASE BE
ADV THAT HOLD WILL BE PLACED.


 CRIM WARR SECT SO TRAVIS AUSTIN WILSON 0236
HRS CDT
3.   Decisions of the federal courts of appeals, of course, do not bind Texas courts
although they are received with respectful consideration. Barstow v. State, 742 S.W.2d
495, 501 n.2 (Tex. App. 1987, writ denied); see also Wichita Co. v. City Bank, 306 U.S. 103,
109 (1939).