IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-11102
Summary Calendar
_____

THOMAS S. ROBERTSON,

                                            Plaintiff-Appellee,

versus

JIM BOWLES, Dallas County Sheriff,

                                            Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
(3:99-CV-288-T)
--------------------
March 26, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges

PER CURIAM:[*]

     Defendant-Appellant Jim Bowles has appealed the district court's order denying his motion for summary judgment, asserting the defense of qualified immunity.  We review an order denying summary judgment <u>de novo</u>, examining the evidence in the light most favorable to the non-moving party.  <u>Abbott v. Equity Group, Inc.</u>, 2 F.3d 613, 618-19 (5th Cir. 1993).  The moving party must establish that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law.  <u>Campbell v.</u>

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Sonat Offshore Drilling, Inc., 979 F.2d 1115, 1119 (5th Cir. 1992); Fed. R. Civ. P. 56(c).

Our first inquiry in examining a defense of qualified immunity asserted in a motion for summary judgment is whether the plaintiff has alleged "the violation of a clearly established constitutional right." Siegert v. Gilley, 500 U.S. 226, 231 (1991). We apply "currently applicable constitutional standards to make this assessment." Rankin v. Klevenhagen, 5 F.3d 103, 106 (5th Cir. 1993). Our second inquiry is "whether the defendant's conduct was objectively reasonable" in light of the legal rules clearly established at the time of the incident. Spann v. Rainey, 987 F.2d 1110, 1114 (5th Cir. 1993).

In his complaint, Plaintiff-Appellee Thomas Robertson contended that he was detained illegally in the Dallas County Jail for a period of 77 days. Sheriff Bowles responds that Robertson was detained pursuant to valid legal process. Only illegal detention of a prisoner in the form of false imprisonment is a cognizable "constitutional tort" under § 1983. See Sanchez v. Swyden, 139 F.3d 464, 469 (5th Cir. 1998); Douthit v. Jones, 619 F.2d 527, 532 (5th Cir. 1980).

Sheriff Bowles has not shown that Robertson was held pursuant to valid legal process. The Sheriff contends that, even if the subject detention were illegal, he cannot be held responsible for the actions of his subordinates under a theory of vicarious liability, and that there is no evidence that he had any subjective knowledge that Robertson was being illegally detained. "To be

2

liable under section 1983, a sheriff must be either personally involved in the acts causing the deprivation of a person's constitutional rights, or there must be a causal connection between an act of the sheriff and the constitutional violation sought to be redressed."  See Lozano v. Smith, 718 F.2d 756, 768 (5th Cir. 1983).  "A causal connection may be established . . . where the sheriff wrongfully breaches an affirmative duty specially imposed upon him by state law, and as a result thereof, the complained of constitutional tort occurs."  Id. (internal citation omitted; citing Douthit v. Jones, 641 F.2d 345, 346 (5th Cir. 1981)).  As the law of Texas imposes such a duty on county sheriffs in Texas, "[a] Texas sheriff can be held liable under section 1983 if his own sufficiently wrongful failure to supervise the jail causes constitutional injury."  Id. (construing Tex. Rev. Stat. Ann. art. 5116); see Tex. Loc. Gov. Code § 351.041 (West 1999).

A sheriff may satisfy his duty to incarcerate only those persons whom he has lawful authority to imprison by "adopting reasonable internal procedures to ensure that only those persons are incarcerated for whom the sheriff, or the deputy to whom he delegates such responsibilities, has a good faith belief based upon objective circumstances that he possesses valid legal authority to imprison."  Douthit, 641 F.2d at 346-47.  Sheriff Bowles's conclusional statement in his affidavit that jail policy requires that all inmates be detained pursuant to valid legal process is insufficient to establish that reasonable internal procedures had been adopted by the Sheriff to prevent persons from being falsely

3

imprisoned.  See Douthit, 641 F.2d at 347.  Accordingly, we agree with the conclusion of the district court that Sheriff Bowles has failed to show that he had an objective basis for concluding that detainees were incarcerated pursuant to valid legal process.  As Sheriff Bowles has failed to show that he is entitled to judgment as a matter of law, the district court's order denying the motion for summary judgment is

AFFIRMED.