411 So.2d 1137 (1982)
J. Al AMISS, Sheriff of East Baton Rouge Parish
v.
W. W. DUMAS, et al.
No. 14497.
Court of Appeal of Louisiana, First Circuit.
March 2, 1982.
Rehearing Denied April 13, 1982.
*1138 Conrad S. Adkins, William H. Cooper, Baton Rouge, for plaintiff-appellant J. Al Amiss, Sheriff of East Baton Rouge Parish.
Frank J. Gremillion, Asst. Parish Atty., Walter G. Monsour, Jr., Parish Atty., Baton Rouge, for defendants-appellees W. W. Dumas, Mayor-President; The City-Parish Council: Edgar L. Watts, Johnny Dykes, William T. Winnfield, Rev. T. J. Jemison, Stanley Gross, Dr. C. P. "Tony" Currier, Earl Day, Jewel Newman, Earl Harrison, George Dabbs, Michael Robique, Pearl George, Howard Marcellus, Carl Crane; City of Baton Rouge and Parish of East Baton Rouge.
Before CHIASSON, EDWARDS and LEAR, JJ.
*1139 CHIASSON, Judge.
This action was instituted by Sheriff J. Al Amiss, plaintiff-appellant, seeking a declaratory judgment defining the duties and obligations of his office and that of the City-Parish Council of East Baton Rouge Parish concerning the operation of the East Baton Rouge Parish Prison. Made defendants are the Mayor-President and the members of the City-Parish Council, defendants-appellees, for the City of Baton Rouge and the Parish of East Baton Rouge.
In his petition, Sheriff Amiss states that the suit of Alfred Flowers, et al v. C. Paul Phelps, et al is presently pending before the United States District Court for the Middle District of Louisiana and that the object of the federal action is the operation of the East Baton Rouge Parish Prison at Ryan Airport including the upgrading of the conditions there existing. Sheriff Amiss alleges that the parties herein have attempted to amicably define the extent of their respective responsibilities and duties with regard to the operation, maintenance, and upgrading of the existing conditions at the Parish Prison, but have been unable to do so.
The petitioner prayed that since the federal action directly affects the responsibilities and duties of the parties and as the parties are unable to define the extent of their respective responsibilities, there exists a real and actual controversy concerning the interpretation of the relevant statutes.[1]
The defendants, in their answer, admit that there is a serious controversy existing between the plaintiff and the defendants as to the interpretation of the statutes referred to in the plaintiff's petition and submit that under La.R.S. 33:4715, the defendants are only to provide the structure, or physical plant, of the jail; that under the provision of La.R.S. 33:1432(1), the defendants are required only to pay to the plaintiff the sum of $3.50 per day for each prisoner in the parish jail and that from this fund, the plaintiff is required to provide all food, eating utensils, all appliances for the preparation of food, and all such items as it may be necessary to keep the prisoners in the parish prison; that the defendants are not responsible for the maintenance of the prison since they do not "operate" the parish jail under the provision of La.R.S. 15:702; and that under the provisions of La.R.S. 15:703, the defendants are required, in connection with the attendance of prisoners who are sick, to pay only the salary of the attending physician.
The district court ruled that:
"... (I)n connection with the operation and maintenance of the East Baton Rouge Parish Prison, the Parish of East Baton Rouge is obligated under relevant Louisiana statutes to provide the prison structure, the furniture, fixtures, major equipment and appliances to the Parish Prison, and must provide repairs and alterations to these items. The Sheriff of East Baton Rouge Parish is required to provide the supplies necessary for cleaning and routine daily maintenance.
"... that the Parish of East Baton Rouge must provide a physician at the Parish Prison and must pay his salary; however, the sheriff is responsible for the provision of all accessory medical personnel, and must furnish the necessary medicines.
"... that the Sheriff of East Baton Rouge is required to provide those items necessary to prepare food for the prison inmates, and must provide those inmates with clothing. The Parish of East Baton Rouge must provide the major appliances *1140 such as stoves, refrigerators, washers and dryers."
It is this judgment which Sheriff Amiss appeals contending that the trial court erred: in finding that the Sheriff is financially responsible for providing supplies necessary for cleaning and routine daily maintenance and for furnishing clothing to the prisoners; in requiring the Sheriff to furnish all accessory medical personnel and only requiring the Parish of East Baton Rouge to provide a physician; and in not requiring the Parish of East Baton Rouge to supply all appliances and equipment necessary to operate the kitchen at the East Baton Rouge Parish Prison.
Defendants-appellees have not filed an answer to this appeal, have not appealed the ruling of the district court and have not favored us with a brief as to their legal contentions.
Pursuant to an order of this court, the Louisiana Sheriff's Association, Inc. has filed an amicus curiae brief in support of the position taken by Sheriff Amiss.
Because the assignments of error and the laws pertaining thereto are so interrelated, we will treat them together rather than separately.
The responsibility for providing a jail in each parish rests with the police jury of that parish, or, as in the case of East Baton Rouge, the City-Parish Council. La. R.S. 33:4715, in pertinent part, provides:
"The police jury of each parish shall provide... a good and sufficient jail...."
Other statutes relevant to the issues presented herein read, in relevant parts, as follows:
La.R.S. 15:702:
"The governing authority of each parish shall be responsible for the physical maintenance of all parish jails and prisons. In those parishes in which the governing authority operates the parish jail the governing authority shall pass all bylaws and regulations they may deem expedient for the police and good government of the jails and prisons being operated by the parish governing authority."
La.R.S. 15:703:
"The governing authority of each parish shall appoint annually a physician who shall attend the prisoners whenever they are sick. His salary shall be fixed by the governing authority."
La.R.S. 15:704:
"Each sheriff shall be the keeper of the public jail of his parish, and shall by all lawful means preserve the peace and apprehend all disturbers thereof, and other public offenders."
La.R.S. 15:705:
"The sheriffs or jail keepers shall supply each prisoner daily with wholesome food sufficient in quantity for the proper maintenance of life. They shall provide the prisoners with clothing suited to and sufficient for the season."
La.R.S. 15:757:
"The keeper, or manager, shall enforce cleanliness among the prisoners and compel them to bathe their persons when entering the jail and at least once a week while confined therein. The keeper or manager shall furnish soap and individual towels and clean clothing when the prisoner is not able to provide the wearing apparel, especially underclothing, at the expense of the municipality, parish or state."
La.R.S. 33:1432:
"The compensation, fees, and costs allowed sheriffs, the parish of Orleans excepted, for all services in criminal matters, shall be the following:
(1) For keeping and feeding of prisoners in jail not less than three dollars and fifty cents per diem for each prisoner. Any surplus funds remaining at the end of the fiscal year shall be returned to the parish governing authority."
La.R.S. 15:566:
"A. The Department of Corrections shall pay the sum of eighteen dollars and twenty-five cents per day to the sheriff of each parish, or to the governing authority of those parishes in which said authority operates the parish jail, for *1141 feeding and maintaining each prisoner who has been convicted of a crime and sentenced to imprisonment at a state penitentiary, who is held in the parish jail without bail, pending an appeal...."
Though La.R.S. 15:705 requires that the sheriffs "provide the prisoners with clothing suited to and sufficient for the season", La.R.S. 15:757 expressly mandates that the clothing, soap and individual towels shall be "at the expense of the municipality, parish or state." The trial judge clearly erred in his ruling that the sheriff was responsible for the expense of the prisoners' clothing.
The general scheme which we gather from a reading of all of the statutes is that the City-Parish is responsible for the expenses of establishing, maintaining and operating the jail and for all the expenses of feeding, clothing, and providing medical treatment to the prisoners while the sheriff has the duty of operating the jail and seeing to it that the prisoners are properly cared for, fed and clothed.
These statutes, in effect, establish that prisoners incarcerated in the parish jail, either awaiting trial or serving parish sentences, are wards of the parish and the sheriff is simply the warden ("keeper") of the parish jail.
While it is true that La.R.S. 15:705 requires that the sheriff feed each prisoner, La.R.S. 33:1432 fixes compensation to be paid to the sheriff by the parish governing authority for the feeding of the prisoners. The compensation paid to the sheriff covers only the cost of the food consumed by the prisoners. By the very act of fixing compensation to be paid to the sheriffs by the governing authority, the statute, in effect, recognizes that the ultimate responsibility for the expenses associated with feeding the prisoners rests with the governing authority and not with the sheriffs. We find no provision in any law which mandates that any of the duties required to be performed by the sheriffs are to be at their expense. There certainly would be no need for compensating the sheriffs for performance of these duties if they were to be at their expense in the first instance.
La.R.S. 15:702 places the responsibility for the physical maintenance of all parish jails and prisons upon the governing authority of each parish. No distinction is made therein between major and minor repairs, major and minor appliances, the general responsibility of the parish governing authority to maintain the prison and the supplies necessary for daily routine maintenance. This statute, along with La.R.S. 33:4715, which requires that the governing authority provide a "good and sufficient jail", mandates that the parish governing authority is responsible for establishing and maintaining the parish prison which includes all equipment and supplies necessary for the establishment and proper maintenance of the jail.
For these reasons, we find that the trial court erred in holding the Sheriff of East Baton Rouge financially responsible for supplies necessary for cleaning and routine daily maintenance; for all accessory medical personnel and for those items (minor appliances and utensils) necessary to prepare food for the prison inmates.
Though not cited to us by any of the parties, we find that La.R.S. 15:304, if not dispositive of the issues, certainly lends credence to the conclusion we have reached herein.
Said statute reads, in part, as follows:
"All expenses incurred in the different parishes of the state or in the city of New Orleans by the arrest, confinement, maintenance and prosecution of persons accused or convicted of crimes, their removal to prison, the pay of witnesses, jurors and all expenses whatever attending criminal proceedings shall be paid by the respective parishes in which the offense charged may have been committed or by the city of New Orleans, as the case may be. The expenses shall be paid by the parish treasurer or by the city of New Orleans after an account of the expenses shall be duly certified to be correct by the presiding judge and the clerk of court.

*1142 The fees, salaries and expenses to be paid shall be fixed and regulated by the parish or city authority unless otherwise provided by law; ...."
For the reasons assigned, we reverse the judgment of the trial court as to those issues presented by the appellant and render judgment herein declaring that in connection with the operation and maintenance of the East Baton Rouge Parish Prison at Ryan Airport, it is the financial responsibility of the City-Parish Council of the City of Baton Rouge and the Parish of East Baton Rouge to pay all the expenses for supplies necessary for cleaning and routine daily maintenance, for all accessory medical personnel, for those items (minor appliances and utensils) necessary to prepare food for the prison inmates and for clothing, in addition to the other financial responsibilities imposed upon the governing authority by the judgment of the trial court.
REVERSED AND RENDERED.
NOTES
[1] Sheriff Amiss's petition states:

"Plaintiff, as Sheriff of the Parish of East Baton Rouge, as chief law enforcement officer of the Parish, is statutorily charged, pursuant to LSA-R.S. 15:704 with the responsibility of being the keeper of the public jail of the Parish and is charged, pursuant to LSA-R.S. 15:705 with the feeding and clothing of the prisoners.
"The defendants, as the Parish governing authority, are statutorily charged, pursuant to LSA-R.S. 33:4715 with providing a good and sufficient jail.
"In addition to the above referred to statutes, there are other statutes imposing specific responsibilities upon the parties to this action, those statutes include but are not limited to LSA-R.S. 33:1432, LSA-R.S. 15:702, and LSA-R.S. 15:703."