Dear Mr. Lawrence:
This office is in receipt of your request for an opinion of the Attorney General. Your question is as follows:
 Under the statute that requires the Police Jury to pay for housing of parish prisoners, must the Police Jury pay for housing of its own parish prisoners outside of the parish when space within the parish prison is being occupied by other than parish prisoners.
In Amiss v. Dumas. 411 So.2d 1137 (La.App 1982) the court thoroughly studied the responsibilities of the Police Jury and the Sheriff with regard to parish prisoners under R.S. 33:4715, R.S. 33:1432 and R.S. 15:704 et seq. The court then concluded as follows:
 The general scheme which we gather from a reading of all of the statutes is that the City-Parish is responsible for the expenses of establishing, maintaining and operating the jail and for all the expenses of feeding, clothing, and providing medical treatment to the prisoners, while the sheriff has the duty of operating the jail and seeing to it that the prisoners are properly cared for, fed and clothed.
 These statutes, in effect, establish that Prisoners incarcerated in the parish jail, either awaiting trial or serving Parish sentences, are wards of the Parish and the sheriff is simply the warden ("keeper") of the Parish jail.
Thus, the court concluded the law places the responsibility for the physical maintenance of all parish jails and prisoners upon the governing authority of each parish. In fact, this office concluded in Atty. Gen. OP. No. 77-43 that where parish prisoners are housed at another facility as a result of a limited capacity of the parish jail, the additional expense occasioned by such an arrangement should be borne by the parish police jury.
However, consideration should be given to Atty. Gen. Op. No. 90-427. Therein this office recognized when the parish jail houses state or federal prisoners for which the sheriff is compensated, the parish governing authority has no right to receive payments made by the federal and state entities, but the governing authority may reduce its financial contribution for the operating expenses of the jail in proportion to the percentage of federal and state prisoners in relation to the parish prisoners. "The financial contribution would be relative to the number of federal and state prisoners in the total parish jail population."
Consequently, while we must conclude that the police jury is obligated to pay for the housing of its own parish prisoners outside of the parish when space in the parish prison is being occupied by others, the police jury may reduce its financial contribution for the operating expenses of the jail in proportion to the percentage of these other prisoners to the total parish jail population.
We hope this sufficiently answers your question, but if we can be of further assistance, please do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 BY: BARBARA B. RUTLEDGE Assistant Attorney General