Dear Mr. Minvielle:
This office is in receipt of your request for an opinion of the Attorney General in regard to medical expense of a suspect injured by the police. You indicate in the course of defending himself a police officer seriously wounded a man suspected to be in the commission of a felony. You ask if the City is responsible for payment of the medical services provided to the suspect.
While you only refer to the individual as a suspect without stating he has been arrested and charged, it would appear clear that the individual receiving treatment, could be charged with a crime. If he is not charged for the crime for which he was initially confronted, he certainly was responsible for the attack on the police officer that resulted in his injuries, and can so be charged for that action. Moreover, this office has previously concluded that a hospitalized suspect may be booked in abstentia. Atty. Gen. Op. No. 92-228.
Consistent with Amiss v. Dumas, 411 So.2d 1137 (La.App 1982), which was footnoted in Jacoby v. State, 434 So.2d 570
(La.App 1983), this office has concluded when prisoners require hospitalization, the hospital becomes an extension of the prison which the police jury is required to provide. Thus, the governing body of the parish where the crime was committed is responsible for the payment of expenses involved in the care of the hospitalized prisoners.
However, the sheriff, as warden, has the responsibility for providing personnel or expense for any needed security. Atty. Gen. Op. No. 92-228. As observed by the court in the Jacoby case, supra, the commitment for treatment does not transfer the legal custody of a prisoner.
However, this office also concluded while the police jury is responsible for the cost of medical care provided an arrested individual who was shot and injured by the sheriff's deputies, "there is nothing in the law to prevent the Police Jury from attempting to obtain reimbursement from the individual himself." Atty. Gen. Op. No. 89-308.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, please do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 BY: BARBARA B. RUTLEDGE Assistant Attorney General
BBR/0515f