Dear Mr. Lancaster:
This office is in receipt of your request for an opinion of the Attorney General in regard to cost of upkeep of parish prisoners and the transfer of such prisoners to other facilities. You indicate in accordance with law the parish governing authority is required to pay the sheriff for the cost of upkeep a minimum rate of $3.50 per day per prisoner. However, the Sheriff of Tensas Parish habitually transfers parish prisoners to other more costly facilities requiring the police jury to usually pay $15.00 per day per prisoner to outside prison facilities for the upkeep of the prisoners. The sheriff then arranges with the State Department of Corrections to have DOC prisoners housed in the parish jail at a rate of $21.00 per day per prisoner being paid directly to the Sheriff. Consequently, the parish pays $11.50 more per day for each prisoner housed outside of the parish than if housed in the parish; and the Sheriff receives $17.50 more per day for each DOC prisoner than if the cell was occupied by a parish prisoner.
You ask whether this practice of transferring parish prisoners by the sheriff is legal, and how the parish governing authority might protect itself from having to pay the high cost of housing parish prisoners at facilities located outside of the parish.
In Atty. Gen. Op. No. 83-67-A this office was asked if the Avoyelles Parish Police Jury could prevent the sheriff from housing Department of Corrections inmates from other parishes, and the answer is pertinent to your inquiry.
Reliance was placed upon R.S. 15:706 which provides as follows:
 A. (1) Whenever the jail of a parish is unsafe or unfit for the security of prisoners; or is held by judicial decree unfit for the detention of some or all of the inmates, or presents a security risk to a prisoner or prisoners or to the public, or whenever a particular prisoner presents a security or health risk to himself or to other prisoners or to the public, the sheriff of the parish maintaining and keeping the prisoner or prisoners may transfer any prisoner or prisoners to the jail or jails or any other parish by written contract with the sheriff of the other parish.
 (2) If the prisoner or prisoners to be transferred are not under sentence to the Department of Public Safety and Corrections, the sheriff proposing to make the transfer shall notify the court which set bail for the prisoner or prisoners at least seventy-two hours before making the transfer.
* * * * * * * * * * * * * * * * * * * * * * *
 B. The sheriff to whom the transfer of the prisoner or prisoners is made shall receive for the maintenance of such prisoner or prisoners the same compensation authorized by law for the keeping and feeding of prisoners, which shall be paid by the parish transferring the prisoner or prisoners.
This office found under this statute while there is no mandatory duty placed upon a sheriff to agree to contract with the sheriff of another jurisdiction, conversely, there is no limitation on the sheriff's ability to contract to house the inmates of another parish. The local governing authority is not empowered to "govern" the parish jail, but the duty is squarely placed upon the shoulders of the sheriff. It was concluded as follows:
 "Since the Parish has neither statutory authority to govern the operation of the parish jail nor the ability to participate with the Sheriff in negotiations with other Sheriffs, it is the opinion of this office that the Avoyelles Parish Police Jury may not prevent the Sheriff from housing Department of Corrections inmates from other parishes."
However, we believe while the governing authority may not be able to prevent the sheriff from housing DOC inmates from other parishes, it may attempt to prevent the transfer of its own parish prisoners by possibly showing the court who must be notified of the transfer that the transfers are not being made in accordance with the provisions of R.S. 15:706 that provides for transfers "whenever the jail is unsafe or unfit for the security of prisoners".
We think it should be noted the Parish must pay a minimum of $3.50 per day per prisoner, but if the cost exceeds that amount the parish is responsible for that excess cost. Under Amiss v. Dumas, 411 So.2d 1137 (La.App. 1982), it was recognized that while the $3.50 covers the cost of food, the parish is responsible for all other expenses associated with sustaining parish prisoners such as clothing, medical treatment, hygienic supplies. Consequently, there may not be as great a difference in the cost to the Parish of $3.50 to $15.00. The $15.00 must include all the costs in keeping of the prisoner in another facility.
Therefore, we must conclude that the sheriff may transfer prisoners when it is in accordance with R.S. 15:706, but do not feel the transfer is proper when there is no question of safety or unfit conditions but merely as a money making situation.
Since the sheriff must give the judge a seventy-two hour notice of a proposed transfer, it would seem the most expeditious action for the Parish to take is to go to the judge in question to object to the transfer unless it is established as necessary under the provisions of the statute.
We hope this sufficiently answers your questions, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
BY: BARBARA B. RUTLEDGE Assistant Attorney General BBR