Dear Mr. Babin:
This office is in receipt of your request for an opinion of the Attorney General in regard to costs for medical services for parish inmates. You ask whether or not the Ascension Parish Governing Authority must provide mental health counseling and treatment services to inmates in parish prison.
Based upon the statutory provisions and jurisprudence, we find that the parish governing authority is responsible for all the expenses of providing necessary medical treatment for parish prisoners. In Amiss v. Dumas, 411 So.2d 1137 (La.App 1982) the court observed that the parish is responsible for all expenses of feeding, clothing and providing medical treatment to prisoners while the sheriff has the duty of operating the jail and seeing to it that prisoners are properly cared for. Similarly, inLangley v. City of Monroe, (La.App 1991) the court found the police jury has the fiscal obligations related to the jail whereas the sheriff has the duty of operating the jail and insuring that prisoners are properly cared for.
While R.S. 15:705 provides that the sheriff shall supply each prisoner daily with food and clothing and shall be paid twelve and one half cents per day for each prisoner that is sick in order that the prisoner may be taken care of as their situation may require, this office has found that the police jury is additionally liable for the cost of medical care of inmates above that of the 12.5 cents per day payable to the sheriff under this statute. Atty. Gen. Op. No. 87-493. This office further observed that the police jury must furnish "necessary and emergency" medical treatment to inmates of its parish prison whether or not the illness pre-existed the confinement, including the cost of prescribed medicines, Atty. Gen. op. No. 80-1127.
With regard to your statement that the Parish wants to define their obligations since the medical care is expensive, we note that this office recognized that under R.S. 15:705 the parish may attempt to obtain reimbursement for the cost of medical care from the inmate, Atty. Gen. Op. Nos. 92-283, 89-308. However, the statute sets forth certain requirements for the parish governing authority to seek reimbursement, mandating that the governing authority must establish written rules for the collection of such expenses from the inmate. This may include freezing assets in his drawing account and a requirement that the inmate file a claim under any private medical insurer or public medical assistance program under which he may be covered.
Also the earlier opinion of this office, Atty. Gen. Op. No. 84-112, should be given consideration wherein it was recognized, while the parish is obligated for the medical expenses of its inmates, R.S. 46:6 provides for medical care by the state in its hospitals for indigents. Accordingly, it was reasoned both the parish governing authority and the state have an obligation to provide medical care to inmates, and the parish governing authority should enter into a contractual agreement with the Department of Health and Human Resources which operates the Charity Hospital system whereby inmates could be treated at a reasonable fee that would be less than the actual cost of the service. This was based upon the assumption that a large number of the inmates would be indigent.
The significant question, however, is what constitutes "necessary" medical attention, and this is a question of fact that will have to be judged on a case to case basis. However, inasmuch as R.S. 15:703 mandates that the parish select a physician to attend its inmates it would seem he would be in the best position to determine the need for mental health counseling and treatment, and to evaluate the prognosis for treatment.
Also, it may be noted that an inmate may receive non-consensual medical treatment pursuant to the mental health laws in Title 28 for admission for mental treatment under an emergency certificate. In this regard this office has stated before an emergency certificate may be executed, the examining physician must first determine "that the prisoner is a danger to himself, others or is gravely disabled, and therefore in need of immediate treatment." It was further concluded the detainee under the emergency certificate may not be treated in jail but only at a treatment facility for examination and diagnosis, although subsequently the inmate may be returned to the jail with prescribed medication and possibly treatment on an out-patient basis, Atty. Gen. Op. no. 90-134. What we find pertinent herein is that the required medical treatment is to follow a determination that the inmate was a danger to himself, others or gravely disabled which included incapacitation due to alcohol or drugs.
We find a distinction must be made between what is necessary and what may be simply beneficial to some degree. Certainly many individuals could benefit to some extent with counseling but it would not be classified as necessary, and, not being necessary, the parish governing authority would not be obligated to extend such treatment to its inmates. We feel necessary mental treatment may be categorized to be when the inmate is a danger to himself, others or gravely disabled.
For your further information we would note that this office found ad valorem tax revenues approved by the electorate for the purpose of supporting the parish health center and "related public health activities" includes within its scope providing for medical and dental services to parish prison inmates. It was found medical services to parish prison inmates constituted public health activities, Atty. Gen. Op. No. 95-124.
In conclusion we would succinctly state the parish governing authority must provide mental health counseling and treatment for its inmates when diagnosed as being necessary, but not when it is simply being of a beneficial nature.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: ___________________________ BARBARA B. RUTLEDGE Assistant Attorney General