Dear Mayor Peart:
This office is in receipt of your request for an opinion of the Attorney General in regard to liability of the City for certain medical expenses for prisoners being held in the City jail. You point out some of the inmates are being held by contract with the Department of Corrections while others are prisoners of the City itself. You are concerned about the expense of transportation and emergency medical treatment as well as for routine health care such as dental, mental health, and optical health care expenses. Accordingly, you set forth the following questions:
 1. What is the City's liability for the providing of emergency medical treatment to the persons incarcerated in the city jail who would normally be prisoners in the St. Landry Parish jail or who are prisoners of the City of Eunice serving time in the city jail?
 2. What is the City's obligation to provide and pay for non-emergency treatment, such as routine medical, dental, eye or other treatment of the prisoners incarcerated in Eunice including those who ordinarily would be confined in the St. Landry Parish jail and for prisoners of the City of Eunice itself while incarcerated in the city jail?
This office has recognized that a city jailer's duties include the care for any illness of a prisoner as its ward, and if he cannot be properly cared for in the local jail, he must be transferred for treatment and hospitalization. Additionally, it has been concluded that there would be no prohibition against taking a prisoner to a state hospital rather than a private hospital which may be closer unless the prisoner is in such a critical state that time would be of the essence. Moreover, it is our understanding that there would be no charge to the city for a prisoner brought in as an indigent patient to a state hospital although security at the hospital must be supplied by the jail authority. Atty. Gen. Op. Nos. 98-249, 94-512A, 77-1509.
It was further observed in Atty. Gen. Op. No. 92-157 that the court found in Amiss v. Dumas, 411 So.2d 1137 (La.App 1982), that prisoners serving parish sentences are wards of the parish. Additionally, it was stated that where parish prisoners are housed at another facility as a result of a limited capacity of the parish jail, the additional expense occasioned by such an arrangement should be borne by the parish police jury. Consequently, the expense of medical care of parish prisoners in the city jail is an expense of the police jury.
However, you state under an agreement for reimbursement by the Department of Corrections you house prisoners who would ordinarily be prisoners in the St. Landry Parish jail. Parish jail prisoners are wards of the Parish, but state and federal prisoners are not wards of the Parish. Therefore, where there is compensation paid directly for the expenses of these prisoners, the city jailer must pay their expenses and transportation to a hospital or other institution under the terms of the contract. It would be up to the City and the Department of Corrections to reach an agreement on changing the responsibility for the expenses.
In response to your request, we find Atty. Gen. Op. No. 98-249 significant to your inquiry on city prisoners. Although R.S. 15:705 allows "sheriffs and jail keepers" to obtain reimbursement for medical expenses from the inmate, this office concluded in that opinion that R.S. 15:705 is not applicable to municipal jails. However, it was observed therein that there was nothing which would preclude city government from establishing a similar procedure by ordinance to seek such reimbursement from its inmates.
Consequently, in regard to an emergency situation the city jailer is responsible for seeing that its inmates receive medical attention. The City may obtain reimbursement for the medical expense from the parish for the parish prisoners it houses, although the services of a state hospital should be utilized if possible. For the city inmates, reimbursement can be sought from the inmate if provided for by ordinance. Expenses for Department of Corrections prisoners are governed by the contract payments.
In regard to your second question for non-emergency treatment, we find the obligation of the governing authority is for "necessary" medical treatment for its inmates, and as recognized by this office in Atty. Gen. Op. No. 97-294, what constitutes "necessary" medical attention "is a question of fact that will have to be judged on a case to case basis." This office further noted that a distinction must be made between what is necessary and what may be simply beneficial, and the latter is not mandated. Obviously, there are situations for medical, dental and eye care that may not be an emergency, but would nevertheless require medical attention. Moreover, we find that necessary care can be distinguished from routine medical attention that may be useful as a type of preventive medicine and general well being of the inmate, but is not a necessity.
However, in Atty. Gen. Op. 97-194, with reference to Atty. Gen. Op. No. 95-124, this office recognized that parish health centers and related public health activities supported by tax revenue would include within its scope providing for medical and dental services to parish prison inmates. With this concept in mind, perhaps you would have access to such a facility to care for non-emergency but necessary treatment of city inmates.
We hope this sufficiently answers your questions, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: BARBARA B. RUTLEDGE
Assistant Attorney General
RPI/bbr