Dear Mayor Hall:
We received your request for an opinion regarding the responsibility of the parish and/or Village of North Hodge for the expense of housing prisoners. The Village of North Hodge is a Lawrason Act Municipality located in Jackson Parish and does not have its own jail but utilizes the jail located in Jackson Parish.
La. R.S. 33:4715 provides that the police jury of each parish shall
provide a good and sufficient jail. La. R.S. 15:704 further provides that the Sheriff shall be the keeper of the public jail of his parish. Our jurisprudence dictates that the Sheriff, as keeper of the parish jail, must accept for incarceration all persons charged with violating a state criminal statute. The parish governing authority is responsible for the expense of establishing, maintaining and operating the jail and is responsible for all expenses incurred in connection with the feeding, clothing, and medical treatment of the prisoners. Amiss v. Dumas,411 So.2d 1137 (La.App. 1st Cir. 1982). See also, Attorney General Opinion 90-17, 90-427 and 89-234. However, if a person is charged with violating a municipal or parish ordinance, the Sheriff is under no obligation to incarcerate him in the parish jail and likewise the parish governing authority is not responsible for the expenses incurred with the incarceration of such person unless there is a contract for such between the parish governing authority and the municipality. Obviously, the sheriff, as the parish law enforcer, would be responsible for those charged with violating a parish ordinance.
Therefore it is our opinion that those persons charged with a violation of a state criminal statute, felony or misdemeanor, must be accepted by the Sheriff of the parish for incarceration and the expense of such incarceration is the responsibility of the parish governing authority. The municipality is responsible for the incarceration of persons charged with violating a municipal or parish ordinance. Since the Village of North Hodge has no jail facility, arrangements for jail facilities should be contracted with the sheriff or with another nearby municipality.
We trust that this adequately responds to your request. If you have any questions or comments, please do not hesitate to contact our office.
With kindest regards,
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: __________________________ TINA VICARI GRANT ASSISTANT ATTORNEY GENERAL
RPI/TVG/crt