Dear Sheriff Riser:
You advise this office that there are currently pre-trial detainees held in Webster Parish Jail located in Minden, Louisiana, on state criminal charges of DWI first and second offense. These charges arise out of arrests by the City of Springhill police officers and will ultimately by disposed of in the Springhill City Court. You ask (1) which agency bears the responsibility for transporting these prisoners to and from court for trial purposes, and (2) which agency is required to pay mileage for transporting these prisoners between Minden and Springhill.
Note first that R.S. 15:704 provides:
§ 704. Sheriff keeper of jail
 Each sheriff shall be the keeper of the public jail of his parish, and shall by all lawful means preserve the peace and apprehend all disturbers thereof, and other public offenders.
The sheriff is the keeper of the public jail of the parish and must accept for incarceration all persons charged with state crimes within his parish. For prisoners charged with or convicted of violating municipal ordinances, however, the sheriff is under no obligation to incarcerate them in the parish jail in absence of a contract between the police jury and the municipality. In accord is Attorney General Opinion 82-790, copy attached.
In response to your first question, because the detainees have been charged with a state crime, booked and incarcerated in the parish jail, the duty of transporting these detainees to and from the parish jail belongs to the Sheriff. In accord is Attorney General Opinion 81-614, copy attached.
The legislature has given sheriffs the authority to collect certain fees for services rendered in criminal matters. R.S. 33:1432 provides:
§ 1432. Fees in criminal matters
 The compensation, fees, and costs allowed sheriffs, the parish of Orleans excepted, for all services in criminal matters, shall be the following:
 * * *
 (4) Transportation of prisoners to the penitentiary or other prison, for every mile which the sheriff or his deputies necessarily travel in going to and returning from, a mileage rate equal to the mileage rate established by the Division of Administration for the use of state owned vehicles. In addition, not more than two deputies shall be compensated at the rate of ten cents per mile for every mile which is necessarily traveled in going to such penitentiary or other prison; and for the expense of each prisoner conveyed, five cents per mile for going only, but not less than five dollars for each prisoner.
We also note as applicable the provisions of R.S. 13:996.50, providing:
 F. (1) In addition to all other fees or costs now or hereafter provided by law, in all criminal cases in the district court for Webster Parish, there shall be taxed as costs against every defendant who is convicted of a crime after trial or after a plea of guilty or who forfeits bond in any such case, a fee of ten dollars. Such fee shall be in addition to all other fines, costs, or forfeitures lawfully imposed.
 (2) Notwithstanding any provision of this Section or any other law to the contrary, the fees required in Paragraph (1) of this Subsection shall not be deposited in the Judicial Expense Fund for the Twenty-Sixth Judicial District Court, but shall be transmitted by the sheriff of Webster Parish to the Webster Parish Police Jury for expenditure by it in meeting the costs of housing, feeding, and maintaining parish prisoners.
 (3) Notwithstanding any provision of this Section or any other law to the contrary, the Webster Parish Police jury may expend all fees received pursuant to this Subsection only for any of the following purposes:
 (a) For the purpose of participating in the costs of or for the purpose of constructing or maintaining parish prison facilities, facilities for pretrial or post-trial detainees, or any similar facility.
 (b) For use as matching funds for any state or federal monies available to the police jury for the purpose of housing, feeding, or maintaining parish prisoners.
 (c) For the payment of services to out-of-parish facilities for pretrial or post-trial detainees.
 (d) For any expenses incurred in housing. feeding. detaining. transferring, or maintaining parish prisoners.
 (4) The fees received by the police jury as provided in this Subsection shall be maintained by the police jury treasurer in a separate fund. The Webster Parish Police Jury may pay all expenses as authorized in Paragraph (3) of this Subsection as they accrue. (Emphasis added).
In summary, the responsibility for transporting the detainees in the instant matter belongs with the Sheriff of Webster Parish. The police jury is responsible for reimbursement to the sheriff at the mileage rate established under the authority of R.S. 33:1432. Funding for this reimbursement is provided for under authority of R.S. 13:996.50, cited herein.
Should you have further questions, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
OPINION NUMBER 82-790
March 10, 1983
107 Sheriffs, Constables, Marshalls 77 Officers, Local and Municipal 84A Penitentiary Matters
R.S. 15:704, 33:801(a)(27)
Sheriff must accept for incarceration on the parish] jail all persons charged with state crimes regardless of whether they were arrested by the sheriff's office, state police, or city police. A sheriff may refuse to accept such a person only when the parish jail is filled to maximum capacity. Once booked into a parish jail a prisoner may not be returned to the arrested agency if that prisoner is charged with state offense. Transportation is the responsibility of the incarcerating agency.
Mr. V. Gerald Dean Attorney-at-Law GRANT, DEAN KNEIPP 1105 Hudson Lane Post Office Box 2864 Monroe, Louisiana 71207
Dear Mr. Dean:
On behalf of the Honorable Laymon Godwin, Sheriff of the Parish of Ouachita, you have requested an opinion on the following points:
 1. What is the parish sheriff's responsibility for housing prisoners arrested by municipal police officers;
 2. May the sheriff refuse to accept for housing prisoners arrested on state charges by city policemen, requiring instead that the city policemen house such prisoners in the city jails;
 3. May the sheriff require municipal officials to take back prisoners arrested by them and to house them in city jails until the time of conviction;
 4. When a prisoner arrested on a state charge is housed in a city jail, is the responsibility for providing transportation to court hearings from the city jail upon the city or upon the parish; and does this depend on whether he was arrested by city policemen or by parish deputies?
 La.R.S. 15:704 provides:
 "Each sheriff shall be the keeper of the public jail of his parish, and shall by all lawful means preserve the peace and apprehend all disturbers thereof, and other public offenders."
Also see Amiss v. Dumas, 411 So.2d 1137, (1st Cir. 1982), cert. denied415 So.2d 940.
Attached is Attorney General's Opinion Number 81-413 which states that the sheriff, is the keeper of the public jail of the parish, must accept, for incarceration, all persons charged with state crimes within his parish. For prisoners charged with or convicted of violating municipal ordinances, however, the sheriff is under no obligation to incarcerate them in the parish jail in absence of a contract between the police jury and the municipality under La.R.S. 33:401 (a)(27).
In response to your first three questions it is the opinion of this office that the sheriff must accept for incarceration in the parish jail persons charged with state crimes regardless of whether they were arrested by the sheriff's office, state police, or municipal police. The only time a sheriff may refuse to accept a person arrested on state charges is when the parish jail is full to maximum capacity. The sheriff does not, however, have to accept persons arrested on municipal charges. Once booked into the parish jail a person charged with a state offense may not be returned by the sheriff to the arrested agency.
In response to your last question please refer to Attorney General's Opinion Number 81-614 which is attached.
Hopefully, we have been of some assistance to you. Should you desire further assistance, please feel free to contact us.
Sincerely,
 WILLIAM J. GUSTE, JR. ATTORNEY GENERAL
 BY: __________________________________ J. Marvin Montgomery Assistant Attorney General
JMM:cdc
OPINION NUMBER 81-413
July 9, 1981
107 SHERIFFS, CONSTABLES, MARSHALS 84-A PENITENTIARY MATTERS
R.S. 15:704; 15:705; 40:1383; 40:1384
Mr. J. Nathan Stansbury District Attorney 15th Judicial District Court Post Office Box 3306 Lafayette, Louisiana 70502
Dear Mr. Stansbury:
In your correspondence of March 19, 1981, you requested an opinion as to whether or not it is mandatory for the Sheriff of Lafayette Parish to accept prisoners arrested for felonies when these prisoners are presented to the Sheriff by agencies other than the Sheriff's department (for example, the State Police.)
Louisiana Revised Statute 15:705 states that:
 Each Sheriff shall be the keeper of the public jail of his parish, and shall by all lawful means preserve the peace and apprehend all disturber. thereof, and other public offenders.
Louisiana Revised Statute 40:1383 states, in pertinent, that with respect to State Police:
 Any police employee of the division, in executing any warrant of arrest . . . shall, immediately after the arrest, place the person arrested in the parish jail of the parish in which the arrest was made . . .
Louisiana Revised Statute 40:1384 states, in pertinent part, that:
 Any person having charge of a jail or other place of detention shall, provided sufficient facilities are available, receive any prisoner arrested by a police employee of the division and shall detain him in custody . . .
It is our opinion that a "public jail" as contemplated by Louisiana Revised Statute 15:704 is the parish facility where any person arrested within that parish and charged with a state crime can be booked and incarcerated. Despite the provisionary language of Louisiana Revised Statute 40:1384, it is the duty of the Sheriff, as keeper of the public jail of his parish, to accept prisoners arrested within his parish and charged with state crimes (including felonies).
If, however, the parish jail has a population limit, which has been set by a state or federal court, then that limit cannot be exceeded without court approval. In the event that incarceration of a person would cause the population limit to be exceeded there, the Sheriff must, with respect to those persons arrested and charged with state crimes, either incarcerate them in other places in or out of the parish, or make special arrangements with other officials or agencies for bonding procedures, release on recognizance, summonsing, or any other method pursuant to state law which would allow him to perform his duties within the framework of the court-ordered population limit.
Hopefully, we have been of some assistance to you. Should you desire further assistance, please feel free to contact us.
Sincerely yours,
 WILLIAM J. GUSTE, JR. ATTORNEY GENERAL
 BY: __________________________ J. MARVIN MONTGOMERY ASSISTANT ATTORNEY GENERAL
JMM/DDL/dc
OPINION NUMBER 81-614
July 16, 1981
107 SHERIFF, CONSTABELS, MARSHALS 77 OFFICERS, — LOCAL AND MUNICIAL 84-A PENITENTIARY MATTERS
R.S. 13:2488.71; 33:423; 15:704
Honorable W. Glenn Soileau, Judge Breaux Bridge City Court Post Office Box 866 Breaux Bridge, Louisiana 70517
Dear Judge Soileau:
In your letter of May 26, 1981, you requested an opinion on whether the City Police of Breaux Bridge, the Marshall of the Breaux Bridge City Court or the Sheriff of St. Martin Parish is responsible for transporting persons charged with crimes in the Breaux Bridge City Court from the city court in Breaux Bridge to the Parish Jail in St. Martinville and visa versa. You have further stated that all persons charged with crimes in the Breaux Bridge City Court are prosecuted in that court by the District Attorney. Also, that Breaux Bridge does not have a municipal jail.
Responsibilities for law enforcement within the jurisdiction of the Breaux Bridge City Court is divided among several agencies. Louisiana Revised Statute 13:2488.71 establishes the Breaux Bridge City Court with jurisdiction in the city limits of Breaux Bridge and the entire Ward 4 of St. Martin Parish. This Statute also creates the position of Marshall of the City Court with jurisdiction within the city limits of Breaux Bridge and the territorial limits of Ward 4 of St. Martin Parish.
In addition, Louisiana Revised Statute 33:423, which is applicable to Breaux Bridge, provides for a town Marshal who is also Chief of Police with a duty of enforcing all municipal ordinances and state laws within the territorial boundaries of the municipality.
Finally, the Sheriff of St. Martin Parish has certain duties imposed on him by Louisiana Revised Statute 15:704. This statute states:
 Each Sheriff shall be the keeper of the public jail of his parish, and shall by all lawful means preserve the peace and apprehend all disturber. thereof, and other public offenders.
Attached is Attorney General Opinion Number 81-413, which states that the Sheriff, as keeper of the public jail of the Parish, must accept, for incarceration, all persons charged with state crimes within his Parish. For prisoners convicted of violating municipal or parish ordinances, however, the Sheriff is under no obligation to incarcerate them in the parish jail in absence of a contract between the police jury and a municipality under Louisiana Revised Statute 33:401 (A) (27).
It is the opinion of this office that if a person is arrested by the Sheriff, then the Sheriff must transport the arrested person to the parish jail if such person is to be incarcerated. Also, the Sheriff must transport such incarcerated persons to and from the jail as necessary.
It is also the opinion of this office that if the Breaux Bridge City Police or the Breaux Bridge City Court Marshal arrest a prisoner and charge him with a municipal or parish violation, then the arresting agency must transport that prisoner from the point of arrest to the Parish Jail in St. Martinville, if the prisoner is to be incarcerated there, and when the time for trial arises, transport him back to the Breaux Bridge City Court. The arresting agency also has the responsibility for transporting the prisoner convicted of a municipal or parish violation back to the Parish Jail in St. Martinville. If the person arrested by-the City Police or the City Court Marshal is charged with a state crime and is to be incarcerated in the parish jail after arrested, then the arresting agency must transport that person to the Parish Jail. However, after that person is accepted by the Sheriff, booked and incarcerated in the parish jail, the duty of transporting that person to and from the parish jail belongs to the Sheriff.
Further, it is the opinion of this office that if a person is arrested by either the Breaux Bridge City Police or the Marshal of the Breaux Bridge City Court and charged with a state crime but is bonded out without being incarcerated or is incarcerated by the arresting agency elsewhere other than the parish jail, then it is the duty of the arresting agency to transport that person to and from the place of incarceration, or, if the person is on bond, to transport that person to the parish jail if that person is convicted and sent to serve time in the parish jail.
Hopefully, we have been of some assistance to you. Should you desire further assistance, please feel free to contact us.
Sincerely,
 WILLIAM J. GUSTE, JR. ATTORNEY GENERAL
 BY: ________________________________ J. MARVIN MONTGOMERY ASSISTANT ATTORNEY GENERAL
JMM/dc